**RAMON REYES RAMOS, <u>et al.</u>**

Plaintiffs,

v.

**JOSE SANTIAGO, INC.,**

Defendant.

CIVIL NO. 16-3162 (PAD)

## OPINION AND ORDER

Delgado-Hernández, District Judge.

Plaintiffs seek recovery for unpaid overtime compensation under Section 7(a) of the Fair Labor Standard Act, 29 U.S.C. § 207(a). Before the court is defendant's "Motion to Dismiss Pursuant to Rule 12 (b)(6)" (Docket No. 7). Plaintiffs opposed (Docket No. 10). For the reasons explained below, defendant's motion to dismiss is GRANTED but with leave to amend the complaint consistent with this Memorandum and Order.

### I.  STANDARD OF REVIEW

To survive a motion under Fed. R. Civ. P. 12 (b)(6), a complaint must allege a plausible entitlement to relief. Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013); Rodríguez-Ortiz v. Margo Caribe, 490 F.3d 92, 95 (1st Cir. 2007). Plausibility exists when the pleaded facts allow the court to reasonably infer that the defendant is liable for the misconduct alleged. Morales-Cruz v. University of Puerto Rico, 676 F.3d 220, 224 (1st Cir.2012); Sepulveda-Villarini v. Department of Educ. of P.R., 628 F.3d 25, 30 (1st Cir. 2010). It does not, however, require a

plaintiff to allege every fact necessary to win at trial or to successfully resist summary judgment. Rodríguez-Reyes, 711 F.3d at 53-54; Rodríguez-Vives, 743 F.3d at 286.

The complaint must be viewed as a whole, construing well-pleaded facts in the light most favorable to plaintiff, accepting their truth, and drawing all reasonable inferences in plaintiff' favor. Foley v. Wells Fargo, 772 F.3d 63, 68 (1st Cir. 2014); García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). Dismissal is not warranted if, so measured, the allegations plausibly narrate a claim for relief. Carrero-Ojeda v. Autoridad de Energía Eléctrica, 755 F.3d 711, 717 (1st Cir. 2014).

## II.     DISCUSSION

### A. **The complaint**

Defendant José Santiago, Inc. ("JS") is the owner of a storage facility in Bayamón, Puerto Rico (Docket No. 1 at ¶ 6). Its main business is the receipt, storage and distribution of food products and merchandise throughout Puerto Rico. Id. Plaintiffs are two "warehouse-persons," and one truck driver who currently work for JS. Id. at ¶ 5. They have been employed by JS since 2011. Id. at ¶ 9.

Plaintiffs allege that (i) JS is well aware that employees are performing work without being paid (id. at ¶¶ 9, 12); (ii) they have "regularly and consistently" worked more than 40 hours per week with defendant's permission (id.); and (iii) JS has failed to pay them the overtime compensation for the overtime worked between 2011 and October 2016. Id. at ¶ 14. They add that: (i) there is a Collective Bargain Agreement ("CBA") between JS and the United Auto Workers Union; (ii) they are covered by the CBA (id. at ¶ 15); and (iii) the CBA incorporates a "payment system" pursuant to which all active employees covered by it shall receive, in substitution of hourly pay rises, a bonus in each anniversary date of the CBA. Id. at ¶ 16. Although

the allegations that follow are far from clear, plaintiffs seem to challenge such "payment system" as well.

### B. The Motion to Dismiss

JS essentially questions the factual sufficiency of the FLSA overtime claims as to both hours worked and compensation provided for work allegedly performed (Docket No. 7). Fed. R. Civ. P. 8 does not demand a high degree of particularity. But a complaint must provide notice more than with mere "conclusions." To that end, it must carry sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Careful reading of the complaint here confirms that the allegations only "parrot the relevant legal standard." Nothing else. For example, they merely state that (i) "between the year 2011 and the present, each of the plaintiffs regularly and consistently worked more than 40 hours per workweek; (ii) have worked in excess of the maximum hours provided by FLSA;" (iii) and were undercompensated because the payment system provided by the CBA does not comply with FLSA. Considering these factual allegations *in toto,* it is clear they solely state the obvious, and it is not enough. See, Pruell v. Caritas Christi, 678 F. 3d 10, 15 (1st Cir. 2012)(a complaint is factually insufficient when it merely states that a plaintiff has worked for more than forty hours without proper compensation).

### III. CONCLUSION

Plaintiffs' factual allegations lack sufficient content to plausibly narrate a claim for relief. Taking into account that this case is in its early stages, however, the court will allow plaintiffs to file an amended complaint not later than June 21, 2017. Defendant will answer any such Amended

Complaint not later than 15 days after it is filed. To the extent defendant's motion seeks dismissal of the complaint with prejudice, the motion is DENIED IN PART.

**SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of June, 2017.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge